## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

ORION SHIPPING, LTD.,
Plaintiff,

v.

PUERTO RICO LOGISTIC CORP., ET
AL.,
Defendants.

Civ. No. 05-1902 (HL)

## <u>ORDER</u>

Plaintiff Orion Shipping, LTD ("Orion Shipping") brings this action in admiralty to recover outstanding freight and demurrage charges incurred by Defendant Puerto Rico Logistic Corp. ("Puerto Rico Logistic").  Before the Court is Defendant Puerto Rico Logistic's Motion to Dismiss for Lack of Jurisdiction (Docket No. 19) and Plaintiff's Opposition (Docket No. 21).   For the reasons set forth below, the Defendants' Motion to Dismiss is **denied**.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)1 permits defendants to assert the claim that the Court lacks subject matter jurisdiction to entertain an action.  Fed.R.Civ.P. 12(b)1.  If a Court determines that subject matter jurisdiction does not exist, it must dismiss the case without proceeding to a determination on the merits.  *Menedez v. United States*, 67 F.Supp.2d 42, 46 (D.P.R. 1999).  In resolving a motion to dismiss for subject matter jurisdiction, the Court must accept all well-pled factual as true and draw all reasonable inferences in the plaintiff's favor.  *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir. 1996).

2

## DISCUSSION

In its Motion to Dismiss, Defendants argue that jurisdiction is lacking since the Shipping Act of 1984 requires common carriers and freight forwarders to be licensed and approved by the Federal Maritime Commission. To support its contention, Defendant included correspondence from the Federal Maritime Commission stating that Orion Shipping is not a licensed entity with the Federal Maritime Commission. Defendant's argument, however, does not support dismissal for want of jurisdiction. Whether the Plaintiff is licensed with the Federal Maritime Commission and entitled to relief under the Shipping Act of 1984 is a determination on the merits, falling outside the threshold matter of whether subject matter jurisdiction exists.

Plaintiff's claims for outstanding freight charges are within this Court's admiralty jurisdiction. Plaintiff's claims are governed by federal maritime law because they involve claims by an ocean carrier against a shipper, arising from an alleged breach of contract for carriage. Section 1333 of title 28 of the United States Code provides that federal district courts shall have original jurisdiction of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Consequently, this case arises under federal law pursuant to 28 U.S.C. § 1333. Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 17, 2007

S/ HECTOR M. LAFFITTE
Senior United States District Judge